ALD-237                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1272
_____

RONALD BLUE WEST,
                                        Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-16-cv-02460)
District Judge:  Honorable Yvette Kane
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 18, 2019

Before:  MCKEE, SHWARTZ, and BIBAS, Circuit Judges

(Opinion filed: August 21, 2019)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Ronald Blue West appeals from the denial of his motion to reopen his District Court proceeding. We will dismiss this appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

West's underlying amended complaint concerns an incident that allegedly occurred in 2015 while he was incarcerated at Allenwood FCI (from which he has since been transferred). West alleged that a lieutenant wrongfully disclosed that West had a history of working with law enforcement. West further alleged that the disclosure caused an inmate named Patterson to call West to his cell, engage in a conversation, and then "push" him back out. The District Court construed West's amended complaint as one under the Federal Tort Claims Act and dismissed it.

We affirmed. See West v. United States, 729 F. App'x 145 (3d Cir. 2018). In doing so, we held that West failed to allege the physical injury required for a prisoner to assert an FTCA claim in this situation. See id. at 148. We also held that West had not stated a claim for negligence under Pennsylvania law because, inter alia, he failed to allege any injuries or loss. See id. at 148-49. West unsuccessfully sought rehearing.

About five months after our mandate issued, West then filed with the District Court the motion at issue here. West requested reopening of his case on the basis of new evidence, which he did not initially identify. In a subsequent brief, West specified that his new evidence was the fact that inmate Patterson has been released from prison and that Patterson has "information" about the lieutenant's alleged breach of duty.

A Magistrate Judge recommended construing West's motion as one under Fed. R. Civ. P. 60(b)(2) and denying it on the grounds that his new evidence was not material and

2

would not "probably have changed the outcome" of the proceeding. <u>Bohus v. Beloff</u>, 950 F.2d 919, 930 (3d Cir. 1991). The District Court agreed and denied West's motion on those grounds. West appeals, and we granted his motion for leave to proceed in forma pauperis.

In light of that status, West's appeal is subject to dismissal if it is frivolous. <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(i). An appeal is frivolous if it "lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). In this case, the Magistrate Judge properly explained that reopening under Rule 60(b)(2) was not warranted because the purportedly new evidence on which West relies has no conceivable bearing on the reasons that the District Court dismissed his amended complaint or on the reasons we affirmed. Neither anything in West's numerous filings on appeal nor our own review reveals any arguable basis to challenge that conclusion.

For these reasons, we will dismiss this appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). West's motions pending in this Court are denied.